UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | Date | January 26, 2026 |
|---|---|---|---|
| Title | Erick Gallardo v. County of Orange et al. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Araksya Boyadzhyan | Jesse Cox |
| | Tanner Petchul |

**Proceedings:**   COUNTY OF ORANGE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (Dkt. 19, filed on December 4, 2025)

## I.   INTRODUCTION

On August 7, 2025, plaintiff Erick Gallardo ("Plaintiff" or "Gallardo") filed this action against defendants County of Orange (the "County"), Orange County Sheriff's Department ("OCSD"), and Does 1 to 10. Plaintiff's complaint alleges three claims for relief against all defendants: (1) violations of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) Assault and Battery; and (3) Negligence. Dkt. 1 ("Compl.").

On October 3, 2025, the County and OCSD (collectively, "County defendants") filed a motion to dismiss plaintiff's complaint. Dkt. 13 ("Mot."). On October 20, 2025, plaintiff filed a first amended complaint. Dkt. 14 ("FAC"). On October 24, 2025, the Court denied as moot County defendants' motion to dismiss plaintiff's complaint. Dkt. 15.

Following the parties' stipulation, dkt. 16, on November 13, 2025, plaintiff filed his operative second amended complaint, alleging three claims for relief against the County and Does 1 to 10 (collectively, "Defendants"): (1) violations of the Fourth Amendment pursuant to 42 U.S.C. § 1983; (2) Assault and Battery; and (3) Negligence. Dkt. 18 ("SAC").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | Date | January 26, 2026 |
|---|---|---|---|
| Title | Erick Gallardo v. County of Orange et al. | | |

On December 4, 2025, the County filed the instant motion to dismiss plaintiff's SAC. Dkt. 19 ("Mot."). On December 29, 2025, plaintiff filed an opposition. Dkt. 20 ("Opp."). On January 12, 2026, the County filed a reply. Dkt. 24 ("Reply").

On January 26, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     BACKROUND

Plaintiff alleges that on or about August 10, 2024, he was a pedestrian walking near Ladera Ranch in Orange County, California, when without warning or explanation, officer or deputies with the defendant, herein identified as DOES 1 to 5, released a K9 canine upon plaintiff, resulting in serious injury to him, including but not limited to wounds and bites on his arm that required staples and resulted in grave personal injuries (hereinafter the "subject incident"). Compl. ¶ 14.

Plaintiff alleges that at all relevant times, he posed no threat to DOES 1 to 5 or the public; instead, plaintiff was merely a pedestrian going about his own day. Id. ¶ 15.

Plaintiff alleges that he was not even privy to the existence of officers or deputies at the time of the subject incident, and that DOES 1 to 5 released the canine when plaintiff had his back towards them. Id. ¶ 16.

Plaintiff alleges that he was unarmed, was not resisting, and was not utilizing any force against anyone at the time the canine was released upon him. Id. ¶ 17.

Plaintiff alleges that DOES 1 to 5's actions releasing the canine upon plaintiff were unreasonable, excessive, and conducted without provocation. Id. ¶ 18-19.

Plaintiff alleges that DOES 1 to 5 acted willfully, wantonly, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive plaintiff of his federally protected rights and privileges, and that they did in fact violate those rights and privileges. Id. ¶ 45.

Plaintiff alleges that the County is liable under Monell because the injuries inflicted by the Orange County Sheriff's Department canine unit were the direct result of the County's longstanding customs, and practices regarding the deployment, training, and supervision of K-9 teams. Plaintiff alleges that OCSD has for years maintained a pattern

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL        'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | | Date | January 26, 2026 |
|---|---|---|---|---|
| Title | Erick Gallardo v. County of Orange et al. | | | |

of unconstitutional K-9 apprehension practices, including releasing canines in circumstances where no immediate threat existed or for apprehension, failing to provide adequate warnings, permitting dogs to bite for prolonged durations, and allowing canines to engage individuals who were not resisting, were already contained, or were not suspects at all.  Plaintiff alleges that "despite repeated incidents—such as the well-publicized August 29, 2018 mauling of a County employee during an OCSD K-9 'building search' training exercise—the County failed to implement corrective measures, retraining, or discipline." Id. ¶ 26.

Plaintiff alleges that OCSD's own policies mandate documentation and review of every K-9 bite or injury, placing the County on actual notice of the dangerous practices of its K-9 unit; however, the County remained deliberately indifferent to the constitutional rights and physical safety of individuals with whom its deputies came into contact. Plaintiff alleges that this deliberate indifference, failure to train, failure to supervise, and failure to correct known unconstitutional practices was the moving force behind the injuries suffered by plaintiff.  Id. ¶ 26.

Plaintiff alleges that the County has a policy regarding use of canines; specifically, "section 4D states 'Canine Deployment will not be used to apprehend with contact, but may be used to LOCATE the following.'" Id. ¶ 31.  Plaintiff further alleges that "Section 4 D also states that 'Canines will not be utilized to apprehend with contact subjects who are not presenting active physical resistance unless the subject is armed with a weapon likely to cause death or serious injury or, attempting to evade arrest by concealing himself.'"

Plaintiff alleges that despite the existence of this policy, the County failed to train their officers and the continued custom of utilizing canines not consistent with their own policies. Id. ¶ 33.

Plaintiff alleges that there is a history of Officers in Orange County using Canine/K-9 units to apprehend individuals who pose no threat to officers, and/or dangerous use of force by these canines.  See id. ¶ 34-35 (citing https://www.latimes.com/local/lanow/la-me-ln-dog-attack-20180905-story.html?).

Plaintiff alleges that DOES 6 to 10 are other municipalities, entities, and agencies who employed DOES 1 to 5. Id. ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL        'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | Date | January 26, 2026 |
|---|---|---|---|
| Title | Erick Gallardo v. County of Orange et al. | | |

Plaintiff alleges that despite that the County and DOES 6 to 10 knew or should have known of the fact that these acts, omissions, decisions, practices, customs, both formal and informal, were being carried out by its agents and employees, they have taken no steps to prevent this course of conduct and have failed to take any disciplinary action whatsoever against any of its employees or agents. Id. ¶ 56.

## III.    LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL     'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | Date | January 26, 2026 |
|---|---|---|---|
| Title | Erick Gallardo v. County of Orange et al. | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom. Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

The County moves to dismiss plaintiff's first cause of action against it under Section 1983 for failure to state a claim. Mot. at 2.

First, the County argues that plaintiff fails to plead a Section 1983 Monell claim because "Plaintiff's First Cause of Action again fails to allege facts even plausibly suggesting that an actionable County "policy," "practice," or "custom" was the "moving force" behind any constitutional violation." Id. at 15. The County argues that "not once does Plaintiff identify a single actual policy by name or number, nor does he discuss the content of any purported policy. Instead, Plaintiff resorts to conclusory buzz-phrases and empty rhetoric." Id. (citing cases). Moreover, the County argues that plaintiff fails to show that any unconstitutional custom or practice was so "persistent and widespread" as to amount to an unconstitutional "policy," and that "an isolated incident" alleged by plaintiff is insufficient to support any municipal liability claim. Id. at 17-18. (citing cases). The County argues that apart from the alleged incident involving plaintiff, the SAC does not allege any specific facts showing that the County had an ongoing practice or custom resulting in factually similar instances of violations of constitutional rights. Id. at 19-20 (explaining that "a single, unrelated incident from 2018 in which a police K9 bit a County employee during a training exercise" "bears no resemblance to Plaintiff's allegations, which concern an on-scene detainment of a private individual."). Id. at 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL        'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | Date | January 26, 2026 |
|----------|------------------------|------|------------------|
| Title | Erick Gallardo v. County of Orange et al. | | |

Second, as to plaintiff's claim of <u>Monell</u> liability under a failure to train theory, the County argues that the claim is "supported by nothing more than vague and conclusory allegations that never once inch close to factual allegations demonstrating how or why County or OCSD training was inadequate" because plaintiff fails to "identify the problematic training; to explain why it is inadequate; and to factually connect the improper or inadequate training to Plaintiff's claimed constitutional injury." <u>Id.</u> at 22 (citing cases). Moreover, the County argues that plaintiff fails to sufficiently allege facts showing the County was "deliberately indifferent" to the rights of persons that officers were likely to encounter. <u>Id.</u> at 23. Finally, the County argues that plaintiff fails to plead sufficient facts demonstrating that "deficient training" caused other, similar incidents. <u>Id.</u> at 23-24 (citing cases).

Finally, the County argues that plaintiff's motion should be dismissed with prejudice because "Plaintiff has had three full and fair opportunities to plead his case" but "has not come forward with the facts and theories necessary to maintain his Section 1983 <u>Monell</u> claim." <u>Id.</u> at 25.

In opposition, plaintiff argues that his SAC adequately states a Section 1983 <u>Monell</u> claim. First, plaintiff argues that the SAC "identif[ies] a policy by the Orange County Sheriff's Department, and identifies how despite such a policy, the County of Orange tolerated a custom inconsistent with its own policies, reinforcing deliberate indifference. (<u>See</u> SAC ¶29, ¶31-35)." Opp. at 4. Plaintiff contends that his SAC "explains how those policies were routinely ignored in practice, and identifies a prior incident and documented K-9 bite reports that placed the County on actual notice of unconstitutional conduct. These allegations plausibly establish that the County's failures were the moving force behind Plaintiff's injuries. (SAC ¶35)." <u>Id.</u> at 6.

Second, plaintiff argues that his SAC adequately alleges a <u>Monell</u> claim under a failure to train theory of liability because it states that the County had "a pattern of unconstitutional K-9 apprehension practices, including … failing to provide adequate warnings, permitting dogs to bite for prolonged durations, and allowing canines to the repeated use of the canines to engage individuals who were not resisting, were already contained, or were not suspects at all." <u>Id.</u> at 7 (citing cases).

In reply, the County argues that, with respect to plaintiff's claim of <u>Monell</u> liability under an unconstitutional custom, policy, or practice theory, plaintiff may not rely on anticipated discovery cure a facially insufficient pleading. Reply at 8 (citing cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL        'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | Date | January 26, 2026 |
|---|---|---|---|
| Title | Erick Gallardo v. County of Orange et al. | | |

With respect to plaintiff's Monell claim under a failure to train theory, the County argues that "Plaintiff's theory is not supported by factual allegations that demonstrate how or why County or OCSD training was inadequate, or that such inadequacies amounted to 'deliberate indifference.'" Id. at 10.  Moreover, the County argues that plaintiff's "vague allegations about training and alleging that officers did not adhere to it, or that officers did not properly supervise other officers to ensure their adherence to training, is a far cry from describing *inadequate* training in enough detail to indicate with certainty that it actually exists, its substance, that it was the moving force behind a constitutional violation, or that the need for more or different training was so obvious as to amount to 'deliberate indifference.'" Id. at 11 (emphasis in original).

Section 1983 provides for a claim for relief against a person who, acting under color of state law, deprives another of rights guaranteed under the U.S. Constitution. "To prove a case under § 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Local government entities may be sued directly under § 1983.  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 (1978).  However, a municipal defendant cannot be held liable for a Section 1983 violation caused by an individual employee's actions on a respondeat superior theory.  Id. at 694; see also Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior").  Rather, under Monell, municipal liability must be based on enforcement of a municipal policy or custom that causes a plaintiff to be deprived of a constitutional right, not merely on the municipality's employment of a constitutional tortfeasor.  436 U.S. at 691.

Generally, a plaintiff can demonstrate municipal liability for a constitutional violation in one of three ways. First, he can show that a person or entity with final decision-or policy-making authority within the municipality expressly adopted or executed an unconstitutional policy or gave an unconstitutional order. See id. at 694; Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986).  Second, a plaintiff can prove that his injury was the result of a municipal custom, i.e., a practice "so permanent and settled" as to constitute a "custom or usage" of the municipal defendant.  See Monell, 436 U.S. at 691; see also Pembaur, 475 U.S. at 481-82 n.10.  Third, a local governmental body may be liable if its failure to train employees has caused a constitutional violation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL    'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | Date | January 26, 2026 |
|----------|------------------------|------|------------------|
| Title | Erick Gallardo v. County of Orange et al. | | |

and the failure to train amounts to deliberate indifference to the rights of individuals with whom those employees come into contact. See City of Canton v. Harris, 489 U.S. 378, 388-89 (1989). In order to withstand a motion to dismiss, a Monell claim must consist of more than mere "formulaic recitations of the existence of unlawful policies, customs, or habits." Warner v. Cty. of San Diego, No. 10CV1057 BTM BLM, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011).

The Court finds that plaintiff sufficiently states a Section 1983 claim against the County under Monell.

First, to establish a "custom or policy" for purposes of municipal liability, a plaintiff must show that the municipal practice is "so pervasive as to have the force of law." Thompson v. City of Los Angeles, 885 F.2d 1439, 1443–44 (9th Cir. 1989); see also Lopez v. Cnty. of Los Angeles, 2015 WL 3913263, at *5 (C.D. Cal. Jun. 25, 2015) ("Only 'a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity' will support the imposition of municipal liability based on custom.") (quoting Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir. 2005)). Plaintiff's SAC—detailing a police canine attack resulting from plaintiff's own encounter with DOES 1 to 5 as well as an incident from 2018 in which a police canine attacked a County employee during a "building search" training exercise— sufficiently alleges that that the County tolerated or practiced an unconstitutional custom inconsistent with its official policy on canine use.[1] Although there are factual differences between plaintiff's alleged encounter with DOES 1 to 5 and the 2018 incident, these instances are sufficiently similar to constitute a pattern of constitutional violations arising from canine attacks and such that the County has sufficient notice of plaintiff's Monell claim under a "custom or policy" theory of liability. See Estate of Luna v. Orange County Sheriff's Department, 2024 WL 3218649, at *2 (C.D. Cal. 2024) ("[F]or prior instances to constitute a pattern, they must be sufficiently similar to the present

---

[1] SAC ¶ 31 ("[S]ection 4D states 'Canine Deployment will not be used to apprehend with contact, but may be used to LOCATE the following.'"; "Section [4D] also states that 'Canines will not be utilized to apprehend with contact subjects who are not presenting active physical resistance unless the subject is armed with a weapon likely to cause death or serious injury or, attempting to evade arrest by concealing himself.'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | Date | January 26, 2026 |
|---|---|---|---|
| Title | Erick Gallardo v. County of Orange et al. | | |

deprivation such that the [public entity's] failure to act to address the previous violations constitutes a deliberate decision to deny the plaintiff constitutional rights.").

Second, to state a claim for Monell liability based on a municipality's failure to train, a plaintiff "must identify the … failure to train, explain why it is deficient, and state how it harmed plaintiff." Lopez, 2015 WL 3913263, at *7. A plaintiff must allege that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Cty. of Canton v. Harris, 489 U.S. 378, 388 (1989). Moreover, "[a] 'pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train,' though there exists a 'narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference.'"[2] Flores v. Cnty. of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (citation omitted). As explained, because the SAC alleges at least two sufficiently related incidents of wrongdoing by County officials, it puts the County on notice that its policy regarding use of canines[3] is deficient and alleges that the County acted with "deliberate indifference" with respect to such deficiencies. See Lopez, 2015 WL 3913263, at *7. While these incidents may be insufficient to establish the County's liability under Monell as a matter

_____

[2] The Ninth Circuit referred to the "'hypothetical example of a city that arms its police force with firearms and deploys the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force.'" Flores v. Cnty. of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (citation omitted). This hypothetical recognizes "'the possibility, however rare, that the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations.'" Id. Here, plaintiff sufficiently alleges that the consequences of failing to train officers' use of canines is "so patently obvious that [the County] could be liable under § 1983 without proof of a pre-existing pattern of violations." Flores, 758 F.3d at 1159. This is because the failure to train officers on the use of canines is analogous to the failure to train officers on the use of deadly force, both of which can result in life-threatening and unconstitutional deprivations of rights.
[3] See SAC ¶ 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 8:25-cv-01743-CAS-ADSx | Date | January 26, 2026 |
|---|---|---|---|
| Title | Erick Gallardo v. County of Orange et al. | | |

of law, the Court finds that these matters are better decided on a more complete record on a motion for summary judgment.

Accordingly, plaintiff adequately states a Section 1983 <u>Monell</u> claim against the County under either a "custom or policy" or "failure to train" theory of liability.

**V.     CONCLUSION**

In accordance with the foregoing, the Court **DENIES** the County's motion to dismiss.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |